OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 12, 2002

The Honorable John W. Smith
Ector County District Attorney
300 North Grant, Room 305
Odessa, Texas 79761

Opinion No. JC-0476

Re: Whether a commissioners court may establish and fund a courthouse security force and related questions (RQ-0418-JC)

Dear Mr. Smith:

You ask a series of questions as to whether the Commissioners Court of Ector County may establish and fund a courthouse security force, funded pursuant to article 102.017 of the Code of Criminal Procedure. We conclude that, while the Commissioners Court may expend the courthouse security fund created by article 102.017 to pay the cost of security personnel, article 102.017 does not empower it to establish a force of licensed peace officers.

Article 102.017(a) of the Code of Criminal Procedure requires a defendant convicted of a felony offense in a district court to pay a five dollar security fee as a cost of court. TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (Vernon Supp. 2002). Similarly, article 102.017(b) requires a defendant convicted of a misdemeanor offense in a justice court, county court, county court at law, or district court to pay a three dollar security fee as a court cost. *Id.* art. 102.017(b). Such costs are to be paid by the clerks of the respective courts to the treasurer of the county or municipality as appropriate, to be deposited into funds denominated the "courthouse security fund" or the "municipal court building security fund." *Id.* art. 102.017(d). These funds are to be "used only to finance items when used for the purpose of providing security services for buildings housing a district, county, justice, or municipal court, as appropriate." *Id.*

Article 102.017(d) provides a list of permissible expenditures from the courthouse security fund. This office has in prior opinions, treated that list as exclusive. *See* Tex. Att'y Gen. LO-98-026 (county attorney's investigator could not provide courthouse security); Tex. Att'y Gen. Op. No. JC-0014 (1999) (permissible security expenditures did not include microphones). The language of the statute was amended by the Seventy-sixth Legislature to add certain items to the list of permissible expenditures. *See* Act of May 3, 1999, 76th Leg., R.S., ch. 110, 1999 Tex. Gen. Laws 546. The relevant item for purposes of this opinion, however, was unaffected. Pursuant to article 102.017(d)(6), the fund may be used for "bailiffs, deputy sheriffs, deputy constables or contract security personnel during times when they are providing appropriate security services." TEX. CODE CRIM. PROC. ANN. art. 102.017(d)(6) (Vernon Supp. 2002). This office has already held that the phrase "contract security personnel," in the sense intended by article 102.017(d)(6), means

independent contractors: "The phrase. . . does not mean county employees who provide courthouse security." Tex. Att'y Gen. LO-98-026, at 3.

We believe that the plain language of article 102.017(d)(6) permits the Commissioners Court to use the fund to pay for the services of peace officers and contract security personnel who are providing "appropriate security services." Accordingly, we answer your question as to whether it is permissible for the Commissioners to use the fund in this matter in the affirmative.

While the Court may pay for the services of peace officers and security personnel pursuant to article 102.017, that article does not empower the Commissioners Court to establish a security force for the courthouse. Generally, a county has only those powers expressly granted it by constitution or statute, or necessarily implicit in those powers expressly granted. *See Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). Article 102.017(d)(6) does not by its terms or by necessary implication permit the Commissioners Court to establish a force of licensed police officers to carry out courthouse security duties.

Article 2.12 of the Code of Criminal Procedure enumerates the various categories of peace officer under Texas law. TEX. CODE CRIM. PROC. ANN. art 2.12 (Vernon Supp. 2002). The legislature has by statute permitted a variety of state agencies and political subdivisions to appoint such officers. *See, e.g.*, TEX. EDUC. CODE ANN. § 37.081 (Vernon 1996) (school district may commission peace officers); TEX. WATER CODE ANN. § 49.216 (Vernon 2000) (water control and improvement district may commission peace officers); TEX. TRANSP. CODE ANN. § 451.108 (Vernon 1999) (metropolitan rapid transit authority may commission peace officers). There is no such specific statutory authorization for the appointment of the security force your question contemplates, which is not included among the enumerated categories of article 2.12.

Moreover, while you inform us that the Commissioners Court, in creating such a force, has titled its members "bailiffs," which is one of the categories of security personnel whose payment is permissible under article 102.017(d)(6), what constitutes a bailiff in Ector County is, we believe, determined by chapter 53 of the Government Code. Section 53.001(a) of the Government Code requires the judges of certain district courts, including two of the four district courts in Ector County – the 70th and 161st – to appoint bailiffs. TEX. GOV'T CODE ANN. § 53.001(a) (Vernon Supp. 2002). Pursuant to section 53.007(b) of the Government Code, at the request of the judges of those two courts among others, the sheriff of the relevant county "shall deputize" those bailiffs. *Id.* § 53.007(b). Accordingly, chapter 53 provides an explicit mechanism by which bailiffs in Ector County may become peace officers, and has vested the authority and responsibility for that mechanism in the judges of the 70th and 161st district courts, and the sheriff, rather than the Commissioners Court.

Accordingly, article 102.017 would allow the Commissioners Court to pay for the services of bailiffs duly deputized under section 53.007(b) of the Government Code, or deputy sheriffs or constables, or contract security personnel – that is, independent contractors – to provide courthouse

security.  It does not, either by its terms or by implication, authorize the Commissioners Court to establish a force of licensed peace officers for that purpose.

Your final question is whether, as a convenience to the Commissioners Court, your office may carry the peace officer's commissions for a security force established by that body.  As this question is premised on the supposition that such a force may be so established, and we have determined that this is not the case, we do not consider this question.  *But see* Tex. Att'y Gen. LO-98-026 (power of prosecutor to appoint investigator does not encompass authority to appoint law enforcement officer whose duty is provision of courthouse security services).

## S U M M A R Y

Article 102.017 of the Code of Criminal Procedure provides authority for the Ector County Commissioners Court to expend funds for the provision of courthouse security. However it does not provide authority, either expressly or by necessary implication, for the Commissioners Court to establish a courthouse security force of licensed peace officers.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee